UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------------------------- x
: 
AMERICAN NURSES ASSOCIATION, INC., :
d/b/a AMERICAN NURSES ASSOCIATION, :
: 
                  Plaintiff, : Civil Action No. 1:07-cv-878 (RCL)
: 
- v. - : 
: **ANSWER AND**
UNITED AMERICAN NURSES, AFL-CIO, : **COUNTERCLAIM OF**
: **DEFENDANT UNITED**
                  Defendant. : **AMERICAN NURSES, AFL-CIO**
: 
---------------------------------------------------------------- x

      Defendant United American Nurses, AFL-CIO ("UAN") responds to the Complaint and asserts a Counterclaim as follows:

      1.    The UAN admits the allegations of the first sentence of paragraph 1. The UAN avers that on December 12, 2002, the American Nurses Association ("ANA") and UAN entered an Autonomy and Affiliation Agreement ("Autonomy Agreement"), respectfully refers the Court to that Autonomy Agreement for its contents, and to the extent the allegations of the second, third and fourth sentences of paragraph 1 are inconsistent therewith, they are denied.

      2.    The UAN avers that beginning in 2004 and with respect to approximately 250 of UAN's members who work for the U.S. Department of Veterans Affairs, UAN transmitted 46% of their national dues to ANA pursuant to paragraph 6 of the Autonomy Agreement and otherwise denies the allegations of paragraph 2.

      3.    The UAN admits the allegations of paragraph 3.

      4.    The UAN admits the allegations of paragraph 4.

      5.    The UAN denies the allegations of paragraph 5.

- 2 -

6. The UAN admits the allegations of the first sentence of paragraph 6. The UAN avers that on December 12, 2002, the ANA and UAN entered an Autonomy and Affiliation Agreement, respectfully refers the Court to that Autonomy Agreement for its contents, and to the extent the allegations of the second sentence of paragraph 6 are inconsistent therewith, they are denied. The UAN admits the allegations of the third and fourth sentences of paragraph 6

7. The UAN avers that on December 12, 2002, the ANA and UAN entered an Autonomy and Affiliation Agreement, respectfully refers the Court to that Autonomy Agreement for its contents, and to the extent the allegations of paragraph 7 are inconsistent therewith, they are denied.

8. The UAN avers that on December 12, 2002, the ANA and UAN entered an Autonomy and Affiliation Agreement, respectfully refers the Court to that Autonomy Agreement for its contents, and to the extent the allegations of paragraph 8 are inconsistent therewith, they are denied.

9. The UAN denies the allegations of paragraph 9.

10. The UAN avers that on December 12, 2002, the ANA and UAN entered an Autonomy and Affiliation Agreement, respectfully refers the Court to that Autonomy Agreement for its contents, and to the extent the allegations of paragraph 10 are inconsistent therewith, they are denied.

11. The UAN denies the allegations of paragraph 11.

12. The UAN avers that on December 12, 2002, the ANA and UAN entered an Autonomy and Affiliation Agreement, respectfully refers the Court to that Autonomy Agreement for its contents, and to the extent the allegations of paragraph 12 are inconsistent therewith, they are denied.

- 3 -

13. The UAN admits the allegations of paragraph 13.

14. The UAN denies the allegations of paragraph 14.

15. The UAN avers that with respect to the UAN's members who work for the U.S. Department of Veterans Affairs, UAN transmitted a portion of their national dues to ANA pursuant to paragraph 6 of the Autonomy Agreement and otherwise denies the allegations of paragraph 15.

16. The UAN denies the allegations of paragraph 16.

17. The UAN denies the allegations of paragraph 17.

18. The UAN denies the allegations of paragraph 18.

19. The UAN incorporates by reference its responses to paragraph 1 through 18 of the Complaint.

20. The UAN avers that on December 12, 2002, the ANA and UAN entered an Autonomy and Affiliation Agreement, respectfully refers the Court to that Autonomy Agreement for its contents, and to the extent the allegations of paragraph 20 are inconsistent therewith, they are denied.

21. The UAN avers that with respect to the UAN's members who work for the U.S. Department of Veterans Affairs, UAN transmitted a portion of their national dues to ANA pursuant to paragraph 6 of the Autonomy Agreement and otherwise denies the allegations of paragraph 21.

22. The UAN denies the allegations of paragraph 22.

23. The UAN denies the allegations of paragraph 23.

24. The UAN denies the allegations of paragraph 24.

25.     The UAN incorporates by reference its responses to paragraph 1 through 25 of the Complaint.

26.     The UAN admits the allegations of paragraph 26.

27.     The UAN denies the allegations of paragraph 27.

28.     The UAN denies the allegations of paragraph 28.

## COUNTERCLAIM

29.     On December 12, 2002, the ANA and UAN entered an Autonomy and Affiliation Agreement.

30.     The Autonomy Agreement is a contract between labor organizations within the meaning of Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185.

31.     Paragraph 6 of the Autonomy Agreement sets forth a formula for sharing the national dues collected from registered nurses ("RNs") who are represented for collective bargaining who were members of both the UAN and ANA. This paragraph allocates the "dues collected from each UAN nurse collective bargaining member" between the UAN and ANA on a percentage basis that changes over the life of the Agreement.

32.     In the negotiations leading to the Autonomy Agreement, the parties discussed how dues would be allocated between the UAN and ANA for newly organized RNs in states where there was no State Nurses Association ("SNA") or for RNs in states where the SNA was unwilling or unable to represent the RNs in that state. The UAN discussed its intent to organize and represent such RNs at the UAN's own expense. The ANA discussed its desire that such RNs also pay national dues to ANA. The UAN informed ANA that ANA would have to allow the RNs to participate in ANA's governance structure if the ANA wanted a portion of their dues.

33. Paragraph 4 of the Autonomy Agreement is the result of those discussions. This paragraph provides that, upon ANA adopting a Bylaw amendment providing a mechanism for these RNs to become members of ANA and participate in its governance structure, "UAN shall pay the full dues or dues conversion factor on behalf of any such registered nurse member of the UAN to the ANA." The "full dues" referred to in this paragraph was the "dues collected from each nurse collective bargaining member" referred to in paragraph 6 of the Autonomy Agreement.

34. Since 2004 and with respect to the RNs who work for the U.S. Department of Veterans Affairs, the UAN has transmitted a portion of their national dues to ANA pursuant to paragraph 6 of the Autonomy Agreement.

35. The SNAs were unwilling or unable to represent theses RNs.

36. On or about April 9, 2007, ANA filed a complaint in *American Nurses Association, Inc. v. United American Nurses, AFL-CIO*, Case No. 2529-07, in the Superior Court of the District of Columbia, in which ANA asserts that paragraph 6 of the Autonomy Agreement requires the UAN to forward 100% of the national dues collected from UAN members who are not represented by a SNA.

37. An actual, justicable controversy exists with respect to the dues paid to the UAN by UAN members who are not represented by a SNA.

38. This Court has jurisdiction over this counterclaim under Section 301 of the LMRA, 29 U.S.C. Section 185, and 28 U.S.C. Sections 1331 and 1337.

39. Paragraph 6 of the Autonomy Agreement governs the allocation between the UAN and ANA national dues collected from newly organized RNs in states where there was

no SNA or from RNs in states where the SNA was unwilling or unable to represent the RNs in that state.

    WHEREFORE the UAN respectfully requests that the Court

    (a) Dismiss the ANA's claims in their entirety and deny the ANA any relief whatsoever;

    (b) Adjudicate, decree and declare that Paragraph 6 of the Autonomy Agreement govern the dues to be collected by ANA from newly organized RNs in states where there was no SNA or from RNs in states where the SNA was unwilling or unable to represent the RNs in that state; and

    (c) Award the UAN such other and further relief as may be deemed just and appropriate.

Dated: June 15, 2007

                Respectfully submitted,

                */s/ Joseph J. Vitale*

                _____
                Joseph J. Vitale (D.C. 430395) *pro hac vice*
                COHEN, WEISS and SIMON LLP
                330 West 42nd Street
                New York, New York 10036
                (212) 563-4100

                Charles W. Gilligan (D.C. 394710)
                R. Richard Hopp (D.C. 432221)
                O'DONOGHUE & O'DONOGHUE
                4748 Wisconsin Avenue, N.W.
                Washington, D.C. 20016
                (202) 362-0041

                Attorneys for Defendant
                United American Nurses, AFL-CIO

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the Answer and Counterclaim to be served electronically via the CM/ECF system upon:

> Nicholas S. McConnell
> JACKSON & CAMPBELL, P.C.
> 1120 Twentieth Street, N.W.
> South Tower
> Washington, DC 20036-3427

this 15th day of June 2007.

*/s/ R. Richard Hopp*

_____
R. Richard Hopp