UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

American Nurses Association, Inc., )
d/b/a American Nurses Association, )
                                   )
            Plaintiff,             )
                                   )
    v.                             )   Civil Action No. 1:07-cv-00878 (RCL)
                                   )
United American Nurses, AFL-CIO,   )
                                   )
            Defendant.             )

**ANSWER OF PLAINTIFF AMERICAN NURSES ASSOCIATION, INC. TO COUNTERCLAIM OF DEFENDANT UNITED AMERICAN NURSES, AFL-CIO**

Plaintiff American Nurses Association, Inc. ("Plaintiff" or "ANA"), by counsel, hereby respectfully answers the Counterclaim of Defendant United American Nurses, AFL-CIO ("Defendant" or "UAN") as follows:

**FIRST DEFENSE**

For its answer to the separately numbered allegations in the Counterclaim, ANA answers as follows:

29. Admitted.

30. The allegations of Paragraph 30 of the Counterclaim set forth conclusions of law, not allegations of fact, by reason of which no answer is required and none is given. To the extent that an answer may be required, ANA denies the allegations and demands strict proof thereof.

31. ANA avers that, on December 12, 2002, ANA and UAN entered into the Autonomy and Affiliation Agreement ("Agreement") appended to the Complaint as Exhibit "A", respectfully refers the Court to the Agreement for its contents, and denies

the allegations of Paragraph 31 of the Counterclaim to the extent that the allegations are inconsistent with the Agreement. Answering further, ANA states that, in Paragraph 6 of the Agreement, entitled "Allocation of Dues," the parties agreed that "dues collected from each UAN nurse collective bargaining member after applying the ANA dues conversion factor" would be allocated according to a schedule set forth in the Agreement. Answering further, ANA states that the parties understood and agreed that Paragraph 6 was to govern dues to be collected by UAN and paid to ANA for UAN members who are represented by a National Council and a CMA.

32. ANA avers that, on December 12, 2002, ANA and UAN entered into the Agreement appended to the Complaint as Exhibit "A", respectfully refers the Court to the Agreement for its contents, and denies the allegations of Paragraph 32 of the Counterclaim to the extent that the allegations are inconsistent with the Agreement.

33. ANA avers that, on December 12, 2002, ANA and UAN entered into the Agreement appended to the Complaint as Exhibit "A", respectfully refers the Court to the Agreement for its contents, and denies the allegations of Paragraph 33 of the Counterclaim to the extent that the allegations are inconsistent with the Agreement. Answering further, ANA states that, in Paragraph 4 of the Agreement, entitled "UAN National Council Members," the parties agreed that, with respect to "registered nurse members of UAN who are represented through UAN authorized National Councils and not also CMA members," UAN would "pay the full dues or dues conversion factor on behalf of any such registered nurse member of the UAN to the ANA."

34. Plaintiff admits that since 2004, Defendant has transmitted to ANA a portion of the national dues of RNs who work for the U.S. Department of Veterans Affairs. The remaining allegations of Paragraph 34 of the Counterclaim are denied as phrased. Plaintiff specifically denies that the dues referred to are governed by Paragraph 6 of the Agreement or have been forwarded to ANA "pursuant to" the provisions of Paragraph 6 of the Agreement. For further answer, Plaintiff affirmatively avers that UAN has breached the Agreement, specifically Paragraph 4, by failing to forward the full dues or dues conversion factor for the RNs who work for the U.S. Department of Veterans Affairs.

35. Denied as phrased.

36. Denied. Answering further, ANA states that, as unambiguously memorialized in the Agreement, the parties understood and agreed that Paragraph 4 was to govern the dues to be collected and paid by UAN to ANA for UAN members who are represented by a National Council but not a CMA. See Complaint, ¶ 9.

37. Denied as phrased. Answering further, ANA states that an actual, justiciable controversy exists with respect to whether dues paid to UAN by the Affected UAN Members (as defined in the Complaint), which had been subject to the provisions of Paragraph 6 of the Agreement, became subject to the provisions of Paragraph 4 of the Agreement. See Complaint, ¶ 26.

38. The allegations of Paragraph 38 of the Counterclaim set forth conclusions of law, not allegations of fact, by reason of which no answer is required and none is

given. To the extent that an answer may be required, ANA denies the allegations and demands strict proof thereof.

39. ANA avers that, on December 12, 2002, ANA and UAN entered into the Agreement appended to the Complaint as Exhibit "A", respectfully refers the Court to the Agreement for its contents, and denies the allegations of Paragraph 39 of the Counterclaim to the extent that the allegations are inconsistent with the Agreement. Answering further, ANA states that, in Paragraph 6 of the Agreement, entitled "Allocation of Dues," the parties agreed that "dues collected from each UAN nurse collective bargaining member after applying the ANA dues conversion factor" would be allocated according to a schedule set forth in the Agreement. Answering further, ANA states that the parties understood and agreed that Paragraph 6 was to govern dues to be collected by UAN and paid to ANA for UAN members who are represented by a National Council and a CMA.

40. All allegations of the Counterclaim not specifically hereinabove admitted are denied.

## SECOND DEFENSE

The Counterclaim fails to state a claim against ANA upon which relief can be granted.

## THIRD DEFENSE

The Agreement is unambiguous, so parol evidence may not be admitted to interpret it.

### FOURTH DEFENSE

ANA reserves the right to assert additional defenses during the course of this litigation.

--------------------

**WHEREFORE**, ANA prays that the Counterclaim be dismissed with prejudice, that ANA be awarded court costs and all other reasonable costs, fees and expenses, including reasonable attorney's fees, incurred by ANA in this matter, and that ANA be awarded such further relief as the Court may deem appropriate.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

*R D*

---

Nicholas S. McConnell (#167742)
nmcconnell@jackscamp.com
Russell S. Drazin (#470091)
rdrazin@jackscamp.com
1120 20th Street, N.W.
South Tower
Washington, DC  20036-3437
202-457-1600 (voice)
202-457-1678 (fax)

Counsel for Plaintiff American
Nurses Association, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2007, I caused copies of the Answer of Plaintiff American Nurses Association, Inc. to Counterclaim of Defendant United American Nurses, AFL-CIO to be served electronically and/or via first-class mail, postage prepaid, upon:

>Charles W. Gilligan, Esquire
>R. Richard Hopp, Esquire
>O'Donoghue & O'Donoghue LLP
>4748 Wisconsin Avenue, N.W.
>Washington, DC  20016
>
>Joseph J. Vitale, Esquire
>Cohen, Weiss and Simon LLP
>330 West 42nd Street
>New York, NY  10036
>
>Counsel for Defendant
>United American Nurses, AFL-CIO

_____
Russell S. Drazin