UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Nurses Association, Inc., <br> d/b/a American Nurses Association, <br><br> Plaintiff, <br><br> v. <br><br> United American Nurses, AFL-CIO, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:07-cv-00878 (RCL) <br> ) <br> ) <br> ) <br> ) |

## JOINT REPORT PURSUANT TO LCvR 16.3

Plaintiff American Nurses Association, Inc. ("Plaintiff" or "ANA") and Defendant United American Nurses, AFL-CIO ("Defendant" or "UAN") have conferred through counsel in accordance with LCvR 16.3 and jointly submit the following report pursuant to LCvR 16.3:

**1.    Whether Case Is Likely To Be Resolved By Dispositive Motion.**

The parties agree that the case may be resolved by dispositive motion. However, the parties disagree as to when such dispositive motions may be appropriate to file. Plaintiff contends that a dispositive motion is appropriate without discovery. Defendant contends that discovery is needed prior to filing a dispositive motion. Plaintiff expects to file a dispositive motion shortly after this report is submitted, subject to the timing of any settlement discussions between the parties.

**2.    Date For Joinder Of Other Parties.**

The parties agree that all appropriate parties are before the Court and further joinder is not necessary or anticipated.

1

**3.    Assignment To Magistrate Judge.**

The parties do not agree to the assignment of the case to a Magistrate Judge for any purpose.

**4.    Whether There Is A Realistic Possibility Of Settlement.**

Prior to the commencement of this action, the parties had engaged in settlement discussions. No settlement was reached.

Plaintiff is willing to engage in further settlement discussions, has notified Defendant of that willingness, and has asked Defendant to participate in further discussions. While the parties exchanged good faith settlement offers prior to the filing of this case, since the filing of the case, Plaintiff believes that the issues have been better defined for the parties such that further settlement discussions could be productive.

Defendant disagrees that further settlement discussions are needed. Defendant believes that the negotiations which have already occurred were extensive and that the issues were as well defined during those negotiations as they are now. Defendant made a fair and reasonable settlement offer prior to litigation and has informed Plaintiff that the Defendant remains willing to settle this litigation on the terms previously offered by Defendant.

**5.    Whether Case Would Benefit From Court's ADR Procedures.**

Plaintiff recognizes that this is not a claim presenting potential exposure to damages of a huge magnitude. Plaintiff nonetheless views early ADR as a desirable and useful mechanism to build on the prior settlement discussions.

Defendant believes that the expense of ADR is not warranted. Defendant made a fair and reasonable settlement offer and remains willing to settle this litigation on the terms previously offered.

**6.  Whether Case Can Be Resolved By Summary Judgment Or Motion To Dismiss.**

The parties would refer the Court to ¶ 1 above.

**7.  Whether To Dispense With Rule 26(a)(1) Initial Disclosures.**

Plaintiff desires to dispense with Rule 26(a)(1) initial disclosures and to obtain discovery through exchange of discovery requests and depositions as appropriate. Defendant does not agree to dispense with Rule 26(a)(1) initial disclosures. However, the parties agree to postpone Rule 26(a)(1) initial disclosures in light of the parties' willingness to engage in early settlement discussions.

**8.  Anticipated Timing And Extent Of Discovery.**

The following is subject to Plaintiff's contention that no discovery is needed and that the case is likely to be disposed of by an early dispositive motion.

The parties agree that the discovery period should commence at such time as the Court orders following the Scheduling Conference. The parties agree that the duration of discovery should be 180 days from the date of its commencement and that service of written discovery requests be effected no later than 33 days prior to the close of discovery deadline. The parties anticipate that 6-8 depositions per side will be needed. The parties stipulate that the attorneys who negotiated the written contract at issue in the case will not be deposed, and that all communications between such attorneys and their respective clients with respect to the written contract shall not be

discoverable, unless the attorney-client privilege has been or is waived. With respect to e-discovery, the parties agree that email and like communications need not be produced in "native format." The parties expect to submit for entry a "Claw-Back Order," whereby, inter alia, the attorney-client privilege shall not be waived due solely to the inadvertent production through discovery of attorney-client protected or other privileged material.

### 9. Expert Witness Reports Pursuant To Rule 26(a)(2).

The parties do not anticipate designating experts.

### 10. Class Action Procedures.

This is not a class action.

### 11. Bifurcation.

The parties do not believe that the case should be bifurcated.

### 12. Pretrial Conference and Trial Date.

The parties propose that a Pretrial Conference be set for the period within the thirty (30) days following the close of discovery.

### 13. Setting Trial Date.

The parties agree that a trial date should be set at the Pretrial Conference.

### 14. Other Matters.

There are no other matters.

5

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| JACKSON & CAMPBELL, P.C. | COHEN, WEISS AND SIMON LLP |
| /s/ Russell S. Drazin | /s/ Joseph J. Vitale |
| Nicholas S. McConnell (#167742)<br>nmcconnell@jackscamp.com<br>Russell S. Drazin (#470091)<br>rdrazin@jackscamp.com<br>1120 20th Street, N.W.<br>South Tower<br>Washington, DC  20036-3437<br>202-457-1600 (voice)<br>202-457-1678 (fax)<br><br>Counsel for Plaintiff<br>American Nurses Association, Inc. | Joseph J. Vitale (pro hac vice)<br>jvitale@cwsny.com<br>330 West 42nd Street<br>25th floor<br>New York, NY  10036-6976<br>(212) 356-0238 (voice)<br>(646) 473-8238 (fax)<br><br>Counsel for Defendant<br>United American Nurses, AFL-CIO |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of July, 2007, I caused copies of the foregoing Joint Report Pursuant to LCvR 16.3 to be served electronically upon:

>Charles W. Gilligan, Esquire
>R. Richard Hopp, Esquire
>O'Donoghue & O'Donoghue LLP
>4748 Wisconsin Avenue, N.W.
>Washington, DC  20016
>
>Joseph J. Vitale, Esquire
>Cohen, Weiss and Simon LLP
>330 West 42nd Street
>25th Floor
>New York, NY  10036-6976
>
>Counsel for Defendant
>United American Nurses, AFL-CIO

>/s/ *Russell S. Drazin*
>_____
>Russell S. Drazin

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

American Nurses Association, Inc., )
d/b/a American Nurses Association, )
                                           )
               Plaintiff, )
                                           )
      v.                                    )   Civil Action No. 1:07-cv-00878 (RCL)
                                           )
United American Nurses, AFL-CIO, )
                                           )
               Defendant. )

## SCHEDULING ORDER

UPON CONSIDERATION of the parties' Joint Report Pursuant to LCvR 16.3, and the entire record herein, it is, this _____ day of _____, 2007,

ORDERED, that the following discovery and trial schedule be entered:

| **Discovery Event - Trial** | **Date** |
|---|---|
| Discovery Commences | _____ (To Be Determined at Initial Scheduling Conference) |
| Discovery Closes | 180 days after discovery commences |
| Pretrial Conference | _____ (To Be Determined at Initial Scheduling Conference) |
| Trial | _____ (To Be Determined at Pretrial Conference) |

                                                    _____
                                                       Royce C. Lamberth,
                                                       United States District Judge

COPIES TO:

Nicolas S. McConnell, Esquire
Russell S. Drazin, Esquire
1120 20th Street, N.W.
South Tower
Washington, DC  20036-3437

Counsel for Plaintiff American
Nurses Association, Inc.

Charles W. Gilligan, Esquire
R. Richard Hopp, Esquire
O'Donoghue & O'Donoghue LLP
4748 Wisconsin Avenue, N.W.
Washington, DC  20016

Counsel for Defendant
United American Nurses, AFL-CIO

Joseph J. Vitale, Esquire
Cohen, Weiss and Simon LLP
330 West 42nd Street
25th Floor
New York, NY  10036

Counsel for Defendant
United American Nurses, AFL-CIO