## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| American Nurses Association, Inc., | ) | |
| d/b/a American Nurses Association, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-cv-00878 (RCL) |
| | ) | |
| United American Nurses, AFL-CIO, | ) | |
| | ) | |
| Defendant. | ) | |

### STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to the Settlement Agreement entered into by the parties, a copy of which is attached hereto as Attachment A and which is incorporated herein by reference, and for consideration paid and received as required therein, it is hereby stipulated, by and through the parties' undersigned counsel and pursuant to Fed. R. Civ. Pro. 41(a)(1)(A)(ii), that all claims brought herein by Plaintiff American Nurses Association, Inc. against Defendant United American Nurses, AFL-CIO, are hereby dismissed with prejudice. Each party shall bear its own fees and costs incurred herein.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

*/s/ Russell S. Drazin*

---

Nicholas S. McConnell (#167742)
nmcconnell@jackscamp.com
Russell S. Drazin (#470091)
rdrazin@jackscamp.com
1120 20th Street, N.W.
South Tower
Washington, DC  20036-3437
202-457-1600 (voice)
202-457-1678 (fax)

Counsel for Plaintiff
American Nurses Association, Inc.

O'DONOGHUE & O'DONOGHUE LLP

*/s/ Charles W. Gilligan*

---

Charles W. Gilligan (#394710)
R. Richard Hopp (#432221)
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
(202) 362-0041 (voice)

COHEN, WEISS AND SIMON LLP

*/s/ Travis M. Mastroddi*

---

Travis M. Mastroddi (pro hac vice)
tmastroddi@cwsny.com
Joseph J. Vitale (pro hac vice)
jvitale@cwsny.com
330 West 42nd Street
New York, NY  10036
(212) 563-4100 (voice)

Counsel for Defendant
United American Nurses, AFL-CIO

- 2 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of June, 2008, I caused copies of the

foregoing Stipulation of Dismissal with Prejudice, with Attachment A, to be served

electronically and/or via first-class mail, postage prepaid, upon:

Charles W. Gilligan, Esquire
R. Richard Hopp, Esquire
O'Donoghue & O'Donoghue LLP
4748 Wisconsin Avenue, N.W.
Washington, DC  20016

Joseph J. Vitale, Esquire
Travis M. Mastroddi, Esquire
Cohen, Weiss and Simon LLP
330 West 42nd Street
New York, NY  10036

Counsel for Defendant
United American Nurses, AFL-CIO


_____
Russell S. Drazin

# ATTACHMENT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this _____ day of March, 2008 ("Effective Date") by and between American Nurses Association, Inc. ("ANA"), on the one hand, and United American Nurses, AFL-CIO ("UAN"), on the other hand. ANA and UAN are collectively hereinafter referred to as the "Parties."

**WHEREAS**, there is currently pending in the United States District Court for the District of Columbia litigation brought by ANA against UAN, which litigation is styled <u>American Nurses Association, Inc. v. United American Nurses, AFL-CIO</u>, Civil Action No. 2007 1:07-cv-00878-RCL ("Pending Litigation").

**WHEREAS**, ANA and UAN, by entering into this Agreement, wish to fully and finally resolve the claims specifically set forth in the Pending Litigation as more fully described herein below.

**NOW, THEREFORE, IT IS HEREBY AGREED THAT:**

1.      The foregoing recitals are incorporated herein by reference.

2.      This Agreement shall not be effective until signed by duly-authorized representatives of ANA and UAN.

3.      This Agreement shall apply only to ANA dues payments by or on behalf of members of UAN's National Veterans Affairs Council who have been, are, or will be members of ANA's Individual Member Division and who have been, are, or will be employed by the United States Department of Veterans Affairs at facilities in New York State, North Carolina, and West Virginia (hereinafter referred to as the "Affected UAN Members"). This Agreement shall have no precedential effect on any other UAN members, dues issues or disputes, or any other issue or dispute between ANA and UAN under the current Autonomy and Affiliation Agreement.

4.      Within thirty (30) calendar days of the Effective Date of this Agreement, UAN shall pay Nineteen Thousand Eight Hundred Sixty Two and 92/100 Dollars **($19,862.92)** to ANA to resolve the dues dispute in this matter through December 31, 2007, which includes dues posted in 2008 for calendar year 2007. (Within ten (10) calendar days of the Effective Date of this Agreement, UAN shall cause to be ordered a check in the amount of $19,862.92 in payment of the aforementioned settlement amount, if UAN will be paying the aforementioned settlement amount by check.) For the remaining period of the current Autonomy and Affiliation Agreement (from January 1, 2008, through and including June 30, 2008), including dues owed for the period through June 30, 2008 but paid after that date, the Parties agree that UAN shall forward dues to ANA for the Affected UAN Members at the rate of fifty-five percent



(55%) of the then current ANA Dues Conversion Factor (that being $126.00 for dues in 2007, i.e., $69.30 for dues posted for the period through and including December 31, 2007, and $134.00 for dues in 2008, i.e., $73.70 for dues paid for 2008).

5.    Within ten (10) business days following the receipt by ANA of the aforementioned payment of **$19,862.92**, ANA shall cause to be filed in the Pending Litigation a Stipulation of Dismissal With Prejudice dismissing the Pending Litigation in its entirety with prejudice.  The Stipulation of Dismissal With Prejudice shall have no preclusive effect as to any claims or issues, except as to ANA dues payments paid or payable through June 30, 2008 by or on behalf of the Affected UAN Members.  By executing this Agreement, the Parties agree to direct their respective counsel to sign the Stipulation of Dismissal With Prejudice in a timely manner.

6.    In consideration of the mutual covenants set forth herein, the sufficiency of which is hereby acknowledged, ANA and its employees, agents, representatives, officers, directors, shareholders, successors, and assigns, hereby forever and irrevocably release, waive, remise, discharge, and acquit UAN and its employees, agents, representatives, officers, directors, shareholders, successors, and assigns, from any and all claims, actions, causes of action, demands, rights, damages, liabilities and costs of whatsoever kind or nature which relate to ANA dues payments paid or payable through June 30, 2008 by or on behalf of the Affected UAN Members, whether at law, in equity or mixed, state or federal, known or unknown, that they now have or may have or in the future may have against UAN, except ANA retains the right to pursue all legal and/or equitable remedies related to any breach of this Agreement.

7.    In consideration of the mutual covenants set forth herein, the sufficiency of which is hereby acknowledged, UAN and its employees, agents, representatives, officers, directors, shareholders, successors, and assigns, hereby forever and irrevocably release, waive, remise, discharge, and acquit ANA and its employees, agents, representatives, officers, directors, shareholders, successors, and assigns, from any and all claims, actions, causes of action, demands, rights, damages, liabilities and costs of whatsoever kind or nature which relate to ANA dues payments paid or payable through June 30, 2008 by or on behalf of the Affected UAN Members, whether at law, in equity or mixed, state or federal, known or unknown, that they now have or may have or in the future may have against ANA, except UAN retains the right to pursue all legal and/or equitable remedies related to any breach of this Agreement.

8.    This Agreement and any discussions in connection therewith shall not in any event be construed as, or deemed to be, evidence of any admission of liability whatsoever or concession by any Party to this Agreement.

9.    The Parties declare that they fully understand the facts and all of their respective legal rights and liabilities; that they have been afforded the opportunity to



review this Agreement with counsel of their choice; that they believe the Agreement to be fair, just, and reasonable; and that they sign the Agreement freely and voluntarily.

10.    The waiver by any Party hereto of any breach of any provision of this Agreement shall not constitute or operate as a waiver of any other breach of such provision or of any other provision hereof, nor shall any failure to enforce any provision hereof operate as a waiver at such time or at any future time of such provision or of any other provision hereof.

11.    This Agreement shall be governed by and construed in accordance with applicable law. All law suits, proceedings, or other actions relating to, arising out of, or in connection with this Agreement, whether founded in contract or tort, shall be submitted to a court of appropriate jurisdiction within the  District of Columbia.

12.    This Agreement contains the entire understanding of the Parties with respect to the subject-matter of this Agreement, and there are no other agreements or understandings among the Parties, except as expressly set forth herein.  There have been no representations or warranties, expressed or implied, as to the subject-matter of this Agreement.  This Agreement may be amended or modified only by a written instrument duly executed by each of the Parties prior to the effective date of any such amendment or modification.

13.    Should any portion, or portions, of this Agreement be found or declared unenforceable or void by any court or competent tribunal for any reason, the remaining portions shall be severable, and fully enforceable as if no such finding of unenforceability had issued.

14.    The Parties affirmatively state that they have caused the Agreement to be read by their duly-authorized representatives.   It is with such knowledge and understanding of its terms that each Party voluntarily causes this Agreement to be executed.

15.    The Parties shall sign such further and other documents, and cause to be done and performed such further and other acts and things as may be necessary or desirable in order to give full effect to this Agreement and every part thereof.

16.    This Agreement shall be construed without regard to any presumption or other rule requiring construction against the Party causing the agreement to be drafted.

17.    Should either Party seek to enforce this Agreement and prevail in whole or in part, such prevailing Party shall be entitled to its reasonable attorneys' fees and costs incurred therein from the breaching Party.



18.    This Agreement may be executed in counterparts or by telecopy, each of which shall be deemed to be an original.

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement or caused this Settlement Agreement to be executed effective as of the date first set forth above.

**AMERICAN NURSES ASSOCIATION, INC.**          **UNITED AMERICAN NURSES, AFL-CIO**

By: _LINDA J STIERLE_                              By:_____
    _CHIEF EXECUTIVE OFFICER_

Its: _VP / 28 MAR 2008_                            Its:_____

17.    Should either Party seek to enforce this Agreement and prevail in whole or in part, such prevailing Party shall be entitled to its reasonable attorneys' fees and costs incurred therein from the breaching Party.

18.    This Agreement may be executed in counterparts or by telecopy, each of which shall be deemed to be an original.

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement or caused this Settlement Agreement to be executed effective as of the date first set forth above.

**AMERICAN NURSES ASSOCIATION, INC.**          **UNITED AMERICAN NURSES, AFL-CIO**

_____          ANN L. CONVERSO  RN
                                          _____

By:_____          By: _____

Its:_____          Its: PRESIDENT _____